## DEFECTIVE SERVICE ON A GARNISHEE.

Common Pleas Court of Hamilton County.

RICHARD SMITH v. JOHN R. McGORON.

Decided, February 15, 1917.

*Attachment and Garnishment—Service on a Garnishee Doing Business Under a Fictitious Name—Not Sufficient Where Summons is Left at Office.*

Under Section 10266, if the garnishee is a person, the copy of the order and notice shall be served upon him personally, or left at his usual place of residence. Service on a manager for a person doing business under a fictitious name, which is not a partnership, is not a good service under the above section.

*Charles A. Lowe,* for plaintiff in error.
*Wm. R. Collins,* contra.

MAY, J.

This proceeding in error is to reverse judgment of the municipal court awarding judgment to the defendant in error.

McGoron originally brought a suit before Clifford S. Cordes, justice of the peace, against S. B. Burwell, and garnisheed Richard Smith and James Smith, doing business as Eastern Machinery Company. The constable's return in that suit reads as follows:

"Received this writ on the 6th day of December, 1915, and on the 7th day of December, 1915, I served the same on the defendant by leaving a certified copy thereof, and of the endorsements thereon with him personally.

"And on the 7th day of December, 1915, at 2 o'clock p. m., I served said within named garnishee with a copy of the within order and notice to garnishee, by leaving the said copies with manager in charge, Richard Smith."

In that suit McGoron recovered a judgment for $62.50. The garnishee failed to answer the attachment and summons, and after demand upon the defendant to pay the amount of the

judgment was refused, McGoron brought a suit against Richard Smith and James Smith, doing business as Eastern Machinery Company, for the amount of the judgment obtained in the original suit against Burwell.

Richard Smith maintains that he. was not personally served with the order and notice of garnishment in the Burwell suit, and that under Section 10266, there is no valid order upon which judgment in this case can be predicated.

I have read carefully the bill of exceptions, and am of the opinion that the greater weight of the evidence shows that Richard Smith was not personally served in the suit of *McGoron* v. *Burwell.* The constable's return does show that he was served as manager, but the constable could not identify Smith as the man be served. Smith and Burwell both testified that Smith was not in the city at the time of the alleged service. According to the opinion of the trial court, which is part of the record in the case, the learned judge thought it unnecessary under Section 10266 to have a personal service on Richard Smith. In his opinion, the learned judge says:

"The law does not make it necessary to serve one personally. The service in this case—at the office, Mr. Burwell testifying he is the manager in charge of the business, upon Mr. Smith, he being out of town—is sufficient for all intents and purposes of service of garnishee. Mr. Burwell testified he did not receive this service on Mr. Smith, yet some one did receive that service. For that reason, regardless of the fact whether Mr. Smith was served personally, the uncontroverted fact that there was a regular service at the regular place of business of the garnishee is sufficient in this case. For that reason the court must find for the plaintiff, and does so find."

Being of the opinion, after a careful reading of the record in this case that the finding, that there was a personal service on Richard Smith, is manifestly against the weight of the evidence, and being further of the opinion that under Section 10266, it being undisputed in this case that Smith was doing business as an individual and not as a partnership, there was no good service, the attachment below is contrary to law, and for that reason the case is reversed and remanded for further proceedings.

Counsel for defendant in error earnestly contends that because Smith was doing business under a fictitious name he ought not to be permitted to take advantage of this fact, the plaintiff below having proceeded upon the theory that the Eastern Machinery Company was a partnership.

The provisions of the General Code requiring the registration of fictitious partnerships refer only to partnerships, not to an individual doing business under a fictitious name. Therefore, there is no estoppel on the part of Smith to attack directly the service in the original garnishment proceedings.